UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 17-331-02 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JABORI HUNTSBERRY (02) | MAGISTRATE JUDGE PATRICK J. HANNA |

**MEMORANDUM RULING**

Now before the Court is a motion for a new trial, filed by Defendant Jabori Huntsberry ("Huntsberry"). Record Document 199. The Government has filed an opposition. Record Document 202. Because the Court finds that Huntsberry has failed to carry his burden on this issue, his motion for a new trial [Record Document 199] is **DENIED**.

**BACKGROUND**

Huntsberry was charged alongside his mother, Nanette Huntsberry, on three counts related to a conspiracy to obtain marijuana by mail: conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846, unlawful use of a communication facility to facilitate possession of marijuana with intent to distribute in violation of 21 U.S.C. § 843(b), and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). Record Document 1, pp. 1–2. Huntsberry was also charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Id.* at 3.

The evidence at trial established the following facts. Huntsberry lived with his girlfriend Jaylen Hebert in a trailer with an address of 5623 Albert Road in Abbeville, Louisiana. His mother lived next door at 5629 Albert Road. Nanette Huntsberry, who worked for the postal service, asked the letter carrier to deliver packages addressed to 5623 Albert Road to her address. Testimony at

1

trial established that at least one package received at 5629 Albert Road (but addressed to 5623 Albert Road) had been taken to 5623 Albert Road by Nanette Huntsberry. Evidence also established that she received a package that she then took to Ivan Ardoin ("Ardoin") and Nakendra Moore ("Moore"), other individuals involved in the drug conspiracy.

At a mail processing center, a postal inspector identified packages addressed to 5623 Albert Road with features suggesting that they might contain illegal drugs. On the basis of those features, several packages were exposed to drug detection dogs, who positively alerted. A warrant was then obtained to open a suspected drug package addressed to Amazing Hair Salon, a non-existent business, at 5623 Albert Road. When opened, the package contained two pounds of marijuana, a fact confirmed by subsequent laboratory analysis. After search warrants were obtained for both residences, a controlled delivery of the package was conducted on February 14, 2014. Nanette Huntsberry accepted the package at 5629 Albert Road; the search warrants were then executed. The package containing marijuana was found unopened in Nanette Huntsberry's home. In addition, a composition book was found in Huntsberry's home containing both rap lyrics and notations associating amounts in dollars with amounts representing quantities of marijuana. Various shipping materials and mailing labels were also located in Huntsberry's home. During law enforcement's search of 5623 Albert Road, a rifle and a pistol were located in the master bedroom closet.

The two key government witnesses at trial were Ardoin, Huntsberry's cousin, and Moore. Both were associates of Huntsberry, and both testified to their involvement with him in a conspiracy to obtain marijuana from California by mail. Ardoin testified that Huntsberry approached him with a plan to obtain marijuana from California and admitted that they purchased pound quantities together, some of which Ardoin kept for personal use. Moore testified that she allowed packages from California to be sent to her post office box and that she eventually learned that the packages

contained marijuana. Moore also testified that she accepted money from Huntsberry that she would then send by wire transfer to recipients in California that he identified. Although the case agent who testified at trial could not conclusively establish that the money transfers were payment for marijuana, Moore testified that she believed this to be the case.

As stipulated by the parties, Huntsberry had a prior felony conviction and was legally prohibited from possessing any firearm. Trial testimony established that the guns found at 5623 Albert Road were operable, as defined by statute, and had traveled in interstate commerce. At trial, Ardoin testified that he owned one of the guns and that his girlfriend, Moore, owned the other. He further testified that he brought the guns to Huntsberry's home for a New Year's Eve party in 2010, during which the guns had been fired. Ardoin stated that he left these guns outside of Huntsberry's home on Nanette Huntsberry's truck and never saw them again—until he identified them at trial—after the New Year's Eve party in 2010.

After the Government rested, Defendants moved for judgments of acquittal, which the Court denied. Record Documents 124, 125, & 126. These motions were renewed at the close of all evidence and were again denied. Record Documents 127, 128, & 129. The jury convicted Huntsberry on all counts and acquitted Nanette Huntsberry on all counts. Record Documents 129, p. 2; 134. Huntsberry now has filed a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure.

## LAW & ANALYSIS

### I. Huntsberry's Motion for a New Trial

In his motion, Huntsberry argues that he is entitled to a new trial based on "newly discovered evidence regarding the felon in possession of a firearm charge." Record Document 199-1, p. 5. The newly discovered evidence comes in the form of two affidavits. The first affidavit was executed by

Huntsberry's co-defendant and mother, Nanette Huntsberry. In the affidavit, Nanette Huntsberry swears that she placed the guns in her home after a New Year's Eve party in 2013 and that it was not until February 1, 2014, that she moved the guns to Jaylen Hebert's[1] bedroom closet at 5623 Albert Road. Record Document 199-2, p. 1. Four days after Nanette Huntsberry's affidavit was executed, Ardoin, a cousin of Huntsberry and witness for the Government, executed an affidavit declaring that he left the guns found at 5623 Albert Road on Nanette Huntsberry's truck on New Year's Eve 2013. This differs from his sworn testimony before the grand jury and at trial where he testified that he left the guns at Huntsberry's house on Nanette Huntsberry's truck on New Year's Eve 2010. *Compare* Record Document 199-2, p. 2 *with* Record Document 202-1, pp. 8–10 *and* Record Document 203-1, pp. 3–6. Huntsberry maintains that he had no knowledge of the guns in the closet and that this new evidence could defeat the Government's theory of constructive possession because the guns were only in the closet for two weeks before his arrest, not for over three years. Record Document 199-1, p. 6.

## II.  Legal Standard

Federal Rule of Criminal Procedure 33 allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The rule specifically contemplates the discovery of new evidence as a basis for this type of motion. "Such motions are disfavored and reviewed with great caution." *United States v. Turner*, 674 F.3d 420, 429 (5th Cir. 2012). Even though district courts are vested with the ability to grant a new trial when the interests of justice require it, "this power should be exercised infrequently by district courts, unless warranted by 'exceptional' circumstances." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (citing *United States v. Scroggins*, 379 F.3d 233, 239 (5th Cir. 2004)). The remedy of a new trial is

---

[1] Hebert is Huntsberry's girlfriend. They shared a room in the trailer at 5623 Albert Road.

"rarely" granted, *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997), "unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict," *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) (internal quotation marks and citations omitted). As the Fifth Circuit has explained, "finality remains a paramount concern unless the defendant can show that an injustice occurred." *United States v. Medina*, 118 F.3d 371, 373 (5th Cir. 1997). Indeed, "the primary purpose of the newly discovered evidence rule is to afford relief when, despite the fair conduct of the trial, . . . facts unknown at the trial make clear that substantial justice was not done." *Id.* (quoting *United States v. Ugalde*, 861 F.2d 802, 807 (5th Cir. 1988)) (cleaned up). It is the defendant's burden to demonstrate that a new trial is warranted. *United States v. Soto-Silva*, 129 F.3d 340, 343 (5th Cir. 1997).

A motion for a new trial predicated upon "newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). In the Fifth Circuit, district courts employ the "*Berry*" test to analyze motions for new trial based on newly discovered evidence.[2] *United States v. Freeman*, 77 F.3d 812, 816 (5th Cir. 1996). Granting a new trial based on newly discovered evidence is disfavored, and the *Berry* test requires a defendant to prove five separate elements to prevail:

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal.

*United States v. Anderson*, 755 F.3d 782, 800 (5th Cir. 2014) (citation omitted). Additionally, "recanting affidavits and witnesses are viewed with extreme suspicion by the courts." *Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir. 1996) (internal quotation marks and citations omitted). "In

---

[2] *Berry v. Georgia*, 10 Ga. 511 (Ga. 1851).

the Fifth Circuit, a federal district judge, faced with a motion for a new trial predicated upon the contention that a witness has provided a recanting affidavit, must compare the trial record with the affidavit of recantation and determine for himself whether the affidavit is worthy of belief." *Id.* (cleaned up).

### III. <u>Analysis</u>

First, the Court agrees with the Government that neither affidavit is "newly discovered" within the meaning of Rule 33 but, instead, are "better characterized as 'newly available.'" *Freeman*, 77 F.3d at 817. Although Nanette Huntsberry invoked the Fifth Amendment and was unavailable for examination at trial, Ardoin testified at trial that he left the guns at Huntsberry's house after a New Year's Eve party in 2010, not 2013 as his new affidavit states. Further, Ardoin testified that Huntsberry was present at this party. Record Document 202-1, pp. 39–40. Huntsberry has presented no evidence that he was unaware of the year of the party—2010 versus 2013—at the time of trial. As such, the date of the party is a fact that could have been elicited by his attorney on cross-examination and the jury could have been made aware of at trial. The defense failed to explore this line of examination at trial. This does not constitute new evidence.

Moreover, neither affidavit is "worthy of belief." *Spence*, 80 F.3d at 1003. Ardoin testified under oath before a grand jury that he left the guns at Huntsberry's property on New Year's Eve 2010. At trial, Ardoin testified under oath consistently with his grand jury testimony that he left the guns at Huntsberry's property on New Year's Eve 2010. In both proceedings, he testified that he knew it was 2010 because his girlfriend was pregnant with his youngest daughter, who was born in April of 2011. Thus, Ardoin's recollection was based on a date that was significant to him. Now, only four days after Nanette Huntsberry executed a similar affidavit, Ardoin has executed an affidavit that is wholly inconsistent with his prior statements under oath. He offers a two-sentence

statement saying that he left the guns on Nanette Huntsberry's truck on New Year's Eve 2013. In the affidavit, he does not attempt to explain the discrepancies between his prior testimony and his new representation, nor does he indicate why the new statement should be credited over his prior sworn testimony. The Court finds it highly suspect that Ardoin, Huntsberry's cousin, suddenly has changed his testimony about the year he left the guns at Huntsberry's property approximately two years after Huntsberry's conviction, considering the fact that he was confident before the grand jury and at trial that the year was 2010 because the events took place before his daughter was born in April of 2011. As such, the Court finds that Ardoin's affidavit lacks the necessary credibility to warrant a new trial.

Likewise, Nanette Huntsberry's affidavit does not warrant the extraordinary remedy of a new trial. The Court finds that the affidavit lacks credibility because Nanette Huntsberry has only come forward with this information years after being acquitted of the charges against her. She was present at trial and could have testified in her son's defense. Even if she did not testify herself, her lawyer could have elicited the 2013 date on cross-examination or shared it with her son's lawyer. Instead, she has only come forward when she has "nothing to lose" because she no longer faces criminal charges. *Freeman*, 77 F.3d at 817. Furthermore, Nanette Huntsberry provides no explanation as to why she moved the guns from her home into her son's trailer when she likely knew that he was a convicted felon. The affidavit also provides misleading information because it omits that Jaylen Hebert shared a bedroom with Huntsberry in his trailer at 5623 Albert Road. Thus, Nanette Huntsberry's affidavit also lacks the necessary credibility to warrant a new trial.

Even if the Court were to find the affidavits credible and consider them as newly discovered, Huntsberry has failed to carry his burden of showing that this evidence would probably produce an acquittal. First, the new testimony would be subject to impeachment by the Government. *See id.* at

817–18. Not only is Ardoin Huntsberry's cousin, and thus is likely a biased witness, he testified consistently two previous times that he left the guns in 2010, not 2013. Similarly, the Government would be able to impeach Nanette Huntsberry by establishing that she is Huntsberry's mother and only produced her affidavit after being acquitted of the charges against her. Further, both affidavits were executed within four days of each other.

Even accepting the new testimony, the facts still show that the guns, including a large AK-47, were in Huntsberry's shared master bedroom closet for a period of about two weeks before his arrest. Further, the facts show that the bedroom with the guns also contained the drug ledger and mailing labels and receipts for drug packages. Considering this revised timeline and the other credible, admissible evidence put on by the Government, the facts still overwhelmingly support the jury's guilty verdict. As such, Huntsberry has failed to satisfy his burden under *Berry*.

## CONCLUSION

For the reasons discussed above, Huntsberry has failed to establish his entitlement to a new trial. Following a review of the two affidavits, his arguments, the Government's opposition, as well as the evidence adduced at trial, the Court finds that the evidence strongly preponderates in favor of the guilty verdict. Accordingly, the motion for a new trial [Record Document 199] is **DENIED**.

**THUS DONE AND SIGNED** this __15th__ day of June, 2021.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE